USDC SCAN INDEX SHEET










```
NMC    7/7/03    13:05
3:03-CV-01314    HUBBARD V. STARBUCKS CORP
*1*
*CMP.*
```

```
LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
LAW OFFICES OF LYNN HUBBARD
12 WILLIAMSBURG LANE
CHICO, CA. 95926
(530) 895-3252

Attorney for Plaintiff
```

FILED
03 JUL -3 PM 3:51
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN J HUBBARD, BARBARA J. HUBBARD,<br><br>Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION dba STARBUCKS COFFEE COMPANY; VERIZON WIRELESS LLC dba VERIZON STORE #74; DOUBLD D ENTERPRISES CHULA VISTA, LLC; and DOES 1 through 10,<br><br>Defendants. | No. '03 CV 1314 B JAH<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF:**<br>• Americans With Disabilities Act<br>• Disabled Persons Act<br>• Unruh Civil Rights Act<br>• Health and Safety Code Part 5.5<br>• Unfair Business Practices Act<br>• Negligence |



## I. INTRODUCTION

1.     This is a civil rights action by Plaintiffs, LYNN J HUBBARD and BARBARA J. HUBBARD ("Plaintiffs") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> Starbucks Coffee Company (APN: 567-232-22)
> 591 H Street, #C
> Chula Vista, CA  91912

("the Coffee Shop")

and

> Verizon Wireless Store #74 (APN: 567-232-22)
> 591 H Street
> Chula Vista, CA  91912

("the Store")

2.     Plaintiffs seek compensatory and punitive damages, injunctive and declaratory relief, attorney fees and costs, against; STARBUCKS CORPORATION dba STARBUCKS COFFEE COMPANY; VERIZON WIRELESS LLC dba VERIZON STORE #74; DOUBLD D ENTERPRISES CHULA VISTA, LLC; and DOES 1 through 10, ("Defendants") pursuant to:

- The Americans With Disabilities Act of 1990;[1]
- Health and Safety Code Part 5.5;[2]
- The Unruh Act;[3]
- The Disabled Persons Act;[4]

---

[1] 42 USC §12101 *et seq.*
[2] California Health and Safety Code §§19955 *et seq.*
[3] California Civil Code §§51 *et seq.*
[4] California Civil Code §§54 *et seq.*

- The Unfair Business Practices Act;[5] and
- Negligence.[6]

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California Law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. §1367.

5. Plaintiffs claims are authorized by 28 U.S.C. §§2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California. Accordingly, venue is invoked pursuant to 28 U.S.C. §1391(b), (c).

## IV. PARTIES

7. Plaintiffs have multiple disabilities. Plaintiffs require the use of electric scooters when traveling about in public.

8. Consequently, Plaintiffs are "physically disabled," as defined by all applicable California and United States laws, and members of the public, whose rights are protected by these laws.

9. Defendants are owners, operators, lessors and/or lessees of the Coffee Shop and Store.

10. Defendants are, or consist of, a person or persons, firm or corporation.

11. On information and belief, Plaintiffs allege a joint venture and common enterprise by all defendants.

---

[5] California Business and Professions Code §§17200 *et seq.*
[6] California Civil Code §1714.

12. On information and belief, Plaintiffs allege each defendant conspired to commit the acts described herein.

13. On information and belief, Plaintiffs alternatively allege that each defendant aided and abetted one another in the wrongful acts hereinafter alleged.

14. On information and belief, Plaintiffs allege each defendant is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity of other defendants. Accordingly, each defendant was acting, or failing to act, within the scope of their authority.

## V. FACTS

15. The Coffee Shop and Store is a commercial facility, place of public accommodation, public facility, and/or other place that the general-public is invited, which was constructed with private funds.

16. Defendants and Plaintiffs know that areas of the Coffee Shop and Store are inaccessible to the physically disabled.

17. Defendants have the financial resources to make the Coffee Shop and Store accessible to the physically disabled without much difficulty or expense by removing architectural barriers and modifying policies and procedures.

18. Plaintiffs visited the Coffee Shop and Store and actually encountered architectural barriers that denied them full and equal access.

19. For example, Defendants violated the law by failing to provide access to the Coffee Shop and Store from public sidewalks, parking, or public transportation. On information and belief, this failure may include, installing an entrance ramp, reducing door pressure, providing accessible parking spaces, and an accessible route of travel.

20. Defendants also violated the law by failing to provide access to those areas of the Coffee Shop and Store where goods and services are made available to the public. On information and belief, this failure may include, adjusting the layout of display racks, rearranging furniture, adding an accessible check-out counter, and installing ramps.

21. On information and belief, Defendants also violated the law by failing to provide access to restroom facilities at the Coffee Shop and Store. This failure may include removing obstructing furniture or vending machines, installing ramps, providing accessible signage, widening of toilet stalls and installation of grab bars.

22. Plaintiffs were denied the full and equal access (as required by United States and California statutes) during each visit to the Coffee Shop and Store.

23. Despite these visits, Plaintiffs were also deterred from visiting the Coffee Shop and Store, because of actual knowledge that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at the Coffee Shop and Store were not available to physically disabled patrons.

24. Plaintiffs have suffered, or anticipate suffering, emotional and physical harm during each actual visit to the Coffee Shop and Store, or incident of deterrence.

25. Plaintiffs would visit the Coffee Shop and Store, but for the future threat of discrimination by Defendants.

26. Because of Defendants' acts and omissions, Plaintiffs suffered physical discomfort and injury, emotional distress, and mental suffering and distress.

27. All injuries suffered by Plaintiffs are expectedly and naturally associated with the denial of equal access to the Coffee Shop and Store due to Defendants' acts and omissions.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

28. Plaintiffs incorporate the allegations contained in paragraphs 1 through 27 for this claim.

29. Title III of the ADA holds as a 'general rule' that: No individual shall be discriminated against on the basis of disability by any person who owns, leases (or leases to), or operates a place of public accommodation.

30. Defendants discriminated against Plaintiffs by denying full and equal enjoyment to goods, services, facilities, or accommodations, during every visit to the Coffee Shop and Store.

31. To date, Defendants have not made the Coffee Shop and Store readily accessible under Title III of the ADA.[7]

### Readily Achievable Barrier Removal/
### Alternative Methods
### 42 U.S.C. §§12182(b)(2)(A)(iv),(v)

32. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.[8]

33. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.

---

[7] 42 U.S.C. §12181 *et seq.*
[8] 42 U.S.C. §12182(b)(2)(A)(iv).

34.  Readily achievable is defined as, "easily accomplishable and able to be carried out without much difficulty or expense."[9]

35.  Plaintiffs allege that it is readily achievable for Defendants to remove the architectural barriers at the Coffee Shop and Store under the standards set forth in the ADA.

36.  Defendants violated the ADA by failing to remove the architectural barriers that were present at the Coffee Shop and Store, when it was readily achievable to do so.

37.  In the alternative, if it was not "readily achievable" for Defendants to remove the architectural barriers at the Coffee Shop and Store, then Defendants violated the ADA by failing to make the required services available through alternative methods, which were readily achievable.

### Design and Construction
### 42 U.S.C. §12183(a)(1)

38.  The ADA also prohibits: A failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to, and usable by, individuals with disabilities when it is structurally practicable to do so.[10]

39.  On information and belief, the Coffee Shop and Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

40.  Defendants violated the ADA by designing or constructing (or both) the Coffee Shop and Store in a manner that was not readily accessible to the physically disabled public (including Plaintiffs) when it was structurally practical to do so.

---

[9] 28 C.R.F. §36.304(a).
[10] 42 U.S.C. §12183(a)(1).

**Alterations**

42 U.S.C. §12183(a)(2)

41. The ADA also requires that: When a facility (or part thereof) is altered in a manner that affects (or could affect) its usability it must be altered in a manner that is readily accessible to individuals with disabilities to the maximum extent feasible.[11]

42. If the alteration affects (or could affect) access to a primary function at the facility, then the responsible entity shall ensure that the path of travel, bathrooms, telephones, and drinking fountains serving the altered area are readily accessible the maximum extent feasible.[12]

43. On information and belief, the Coffee Shop and Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

44. Defendants violated the ADA by altering the Coffee Shop and Store in a manner that was not readily accessible to the physically disabled public (including Plaintiffs) to the maximum extent feasible.

**Policy and Practices**

42 U.S.C. §12182(b)(2)(A)(ii)

45. The ADA also specifically prohibits: A failure to make reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.[13]

46. Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures (e.g.—placement of movable displays) when these modifications were necessary to afford, and would not

---

[11] 42 U.S.C. §12183(a)(2).
[12] 42 U.S.C. §12183(a)(2).
[13] 42 U.S.C. §12182(b)(2)(A)(ii).

fundamentally alter the nature of, these goods, services, facilities, or accommodations.

47. Plaintiffs seek all relief available under the ADA (i.e.—permanent or temporary injunction, restraining order, or other order) to address these violations.[14]

48. Plaintiffs also seeks a finding from this Court—declaratory relief—that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

49. Plaintiffs also seek attorney fees and costs under the ADA.

## VII. SECOND CLAIM

**Disabled Persons Act**

Civil Code §§54 *et seq.*

50. Plaintiffs incorporate the allegations contained in paragraphs 1 through 46 for this claim.

51. California Civil Code §54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.[15]

52. California Civil Code §54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.[16]

53. Both sections specifically incorporate (by reference) an individual's rights under the ADA.[17]

---

[14] 42 U.S.C. §12205 (incorporating the remedies under 42 U.S.C. §2000a-3(a)).
[15] California Civil Code §54(a).
[16] California Civil Code §54.1(a)(1).
[17] Civil Code §54(c), §54.1(d).

54. Defendants discriminated against the physically disabled public (including Plaintiffs) by denying them full and equal access to the Coffee Shop and Store.

55. Thus, Plaintiffs rights under the Disabled Persons Act were infringed upon and/or violated by Defendants.

56. Defendants also violated the Disabled Persons Act by infringing upon and/or violating Plaintiffs rights under the ADA.

57. <u>For each offense</u>, Plaintiffs seek actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000).

58. Plaintiffs also seek general and special damages, declaratory relief and any other remedy available under California Civil Code §54.3.

59. Plaintiffs also seek to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code §55.

60. Plaintiffs also seek recovery for all reasonable attorneys' fees incurred under California Civil Code §54.3, and §55.

61. Finally, this lawsuit will benefit the public by compelling Defendants to make the Coffee Shop and Store accessible to the physically disabled public—thus, justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

Civil Code §§51 *et seq.*

62. Plaintiffs incorporate the allegations contained in paragraphs 1 through 46 for this claim.

63. The Unruh Act states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations,

advantages, facilities, privileges, or services in all Coffee Shop and Store establishments of every kind whatsoever.[18]

64. The Unruh Act also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.[19]

65. The Unruh Act also specifically incorporates (by reference) an individual's rights under the ADA.[20]

66. Defendants' aforementioned acts and omissions denied the physically disabled public (including Plaintiffs) full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability) in violation of the Unruh Act.

67. These aforementioned acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiffs by violating the Unruh Act.

68. Plaintiffs were damaged by Defendants' wrongful conduct, and seek all available relief under Civil Code §52.

69. This relief includes actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000) <u>for each offense</u>.[21]

70. Plaintiffs also seek to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code §52(a).

---

[18] California Civil Code §51.
[19] California Civil Code §51.5.
[20] California Civil Code §51.
[21] California Civil Code §52(a); this relief includes statutory minimum damages for each actual visit and incident of deterrence.

71. Finally, Plaintiffs lawsuit is intended to compel Defendants to make the Coffee Shop and Store accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to a Person with Physical Disabilities in a Public Facilities**

Health and Safety Code Part 5.5

72. Plaintiffs incorporate the allegations contained in paragraphs 1 through 27 for this claim.

73. Health and Safety Code §19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code §4450.

74. Health and Safety Code §19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

75. On information and belief, Plaintiffs allege the Coffee Shop and Store was constructed prior to July 1, 1970, and that areas were altered or structurally repaired in a manner that violates Part 5.5 of the Health and Safety Code.

76. In the alternative, on information and belief, Plaintiffs allege the Coffee Shop and Store was constructed after July 1, 1970, in a manner that violates Part 5.5 of the Health and Safety Code or Government Code §4450 (or both).

77. The Coffee Shop and Store is a public accommodation or facility (as defined by Part 5.5 of the Health and Safety Code),[22] which is not exempted by Health and Safety Code §19956.

---

[22] Health and Safety Code §19955(a).

78. Defendants' non-compliance with these requirements at the Coffee Shop and Store aggrieved (or potentially aggrieved) Plaintiffs and other persons with physical disabilities.

79. Accordingly, Plaintiffs seeks injunctive relief under Health and Safety Code §19953.

80. Plaintiffs also incurred legal expenses in order to enforce Government Code §§4450 *et seq.* or Health & Safety Code §§19955 *et seq.*

81. Therefore, Plaintiffs seeks attorneys' fees under to Health and Safety Code §19953.

82. Finally, Plaintiffs lawsuit is intended to compel Defendants to make the Coffee Shop and Store accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## X. FIFTH CLAIM

### Unfair Business Practices Act

Business and Professions Code §§17200 *et seq.*

83. Plaintiffs incorporate the allegations contained in paragraphs 1 through 82 for this claim.

84. California Business and Professions Code §17203 states, in part, that: Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.

85. "Unfair competition" includes any unlawful business act or practice.[23]

86. Defendants' business practices were "unlawful" in that they violated applicable California and United States laws (identified above).

---

[23] California Business and Professions Code §17200.

87. Defendants' unlawful business practices denied the physically disabled public (including Plaintiffs) full and equal access to the Coffee Shop and Store.

88. Accordingly, Plaintiffs seek an order for injunctive relief and restitution to end Defendants' unlawful business practices.

## XI. SIXTH CLAIM

**Negligence Per Se**

California Civil Code §1714

89. Plaintiffs incorporate the allegations contained in paragraphs 1 through 88 for this claim.

90. Defendants had a duty to comply with the aforementioned California and United States laws or regulations (or both).

91. These aforementioned laws and regulations, violated by Defendants, were adopted to protect the class of physically disabled persons (including Plaintiffs) from injury.

92. This violation was the proximate cause of Plaintiffs aforementioned injuries.

93. Plaintiffs suffered physical and emotional injuries resulting from an occurrence (the nature of which) these laws or regulations were designed to prevent.[24]

94. Defendants knew (or should have known) that the physically disabled individuals (including Plaintiffs) were denied full and equal access to the Coffee Shop and Store.

95. Despite this knowledge, Defendants refused to comply with the aforementioned laws and regulations to make the Coffee Shop and Store accessible.

---

[24] Hudge v. Seiler, 558 F.2d 284 (5th Cir. 1977).

Plaintiffs' Complaint        Page 14        Hubbard v. Verizon and Starbucks, et al.
APN: 567-232-22

96. Defendants' acts and omissions evince oppressive, fraudulent, or malicious conduct in conscious disregard for the rights or safety of Plaintiffs (and the physically disabled public).

97. Thus, Plaintiffs, in addition to the actual damages, seek damages for the sake of example and by way of punishing Defendant under California Civil Code §3294 in a sufficient amount to accomplish that purpose.

98. Plaintiffs seek interest under California Civil Code §3291 too.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays judgment against the Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper under:
   - 42 U.S.C. §12205;
   - California Civil Code §52;
   - California Civil Code §55; and
   - California Health and Safety Code §19953;
2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages;
3. Statutory minimum damages under either California Civil Code §52(a) or California Civil Code §54.3(a), but not both, for each actual visit or incident of deterrence (according to the proof);
4. General and special damages in the amount of $100,000.00;
5. For attorneys' fees, litigation expenses and costs of suit pursuant to:
   - 42 U.S.C. §12205;
   - California Civil Code §52;
   - California Civil Code §54.3;
   - California Civil Code §55;
   - California Code of Civil Procedure §1021.5; and
   - California Health and Safety Code §19953;

6. Interest at the legal rate from the date of the filing of this action;

7. Punitive damages pursuant to Civil Code §3294;

8. Prejudgment interest pursuant to Civil Code §3291; and

9. Such other and further relief as the court may deem proper.

DATED: June 28, 2003     LAW OFFICES OF LYNN HUBBARD

_____
LYNN HUBBARD, III

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LYNN J HUBBARD AND BARBARA J HUBBARD

**DEFENDANTS**
STARBUCKS CORPORATION dba STARBUCKS COFFEE COMPANY; VERIZON WIRELESS LLC dba VERIZON STORE 374; and DOUBLE D ENTERPRISES CHULA VISTA, LLC, et al.

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED 03 JUL -3 PM 3:51
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lynn Hubbard III - SBN 69773   530-895-3252
Law Offices of Lynn Hubbard, III   530-894-8244 (Fax)
12 Williamsburg Lane, Chico, CA 95926

Attorneys (If Known)

**'03 CV 1314 B   JAH**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | ☐ 555 Prison Condition | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 12101, et seq.
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Excess $75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** June 30, 2003
**SIGNATURE OF ATTORNEY OF RECORD** _____

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

OR   95390 - Pd #150